UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HIEBER,                                          Case No. 22-11417

   Plaintiff,                                 F. Kay Behm
v.                                                                United States District Judge

OAKLAND COUNTY, *et al.,*

   Defendants.
_____ /

## OPINION AND ORDER ON PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT (ECF No. 108)

## I. PROCEDURAL HISTORY

Plaintiff, David Hieber, has before the court a pretermination

procedural due process claim.  (ECF No. 102).  Plaintiff originally brought

claims of age discrimination under 42 U.S.C. § 1983 and Michigan's Elliott-

Larsen Civil Rights Act ("ELCRA"), denial of both pre- and post-termination

due process, retaliation based on political affiliation in violation of the First

Amendment, and defamation.  (ECF No. 4).  Defendants brought a motion for

summary judgment, which this court granted in its entirety.  (ECF No. 78).

Plaintiff appealed this decision to the Sixth Circuit.  The Sixth Circuit affirmed

the grant of summary judgment on all claims except the pretermination

procedural due process claim.  (ECF No. 102).  Defendants claimed first that

1

the investigatory interview of Plaintiff by county counsel satisfied *Loudermill*'s

pretermination-hearing requirements. The court of appeals found genuine

issues of material fact as to whether the interview gave Plaintiff sufficient

notice of the charges and evidence against him or gave him an opportunity to

present his side of the story. (ECF No. 102, p. 11). Defendants next claimed

that the formal pretermination hearing satisfied *Loudermill*. The Sixth Circuit

found that a jury must determine whether the County, at the formal

*Loudermill* hearing, gave Plaintiff a "meaningful chance to respond to the

charges and evidence." (ECF No. 102, p. 11). The Sixth Circuit also found

that a jury must determine whether the County gave Plaintiff a "meaningful

opportunity to prevent the deprivation from occurring." *Id*. at pp. 11-12.

Plaintiff has now moved for summary judgment on his *Loudermill* claim,

asserting that there is no genuine issue of material fact that the outcome of

the hearing was predetermined. (ECF No. 108). Accordingly, Plaintiff

contends he is entitled to summary judgment on his pretermination

procedural due process claim. Defendants oppose Plaintiff's motion. (ECF

No. 114). Defendants also assert that Plaintiff's motion for summary

judgment is untimely, and that Plaintiff has waived his arguments. *Id*.

Plaintiff filed a reply in support of his motion. (ECF No. 117-1).

For the reasons set forth below, the court **DENIES** Plaintiff's motion for summary judgment.

## II.   FACTUAL BACKGROUND

David Hieber began working for Oakland County in 1994.  (ECF No. 63-2, PageID.712).  In the early 2000s, Plaintiff received a promotion to the position of Equalization Manager.  (ECF No. 63-2, PageID.63-2, PageID.717).  Plaintiff's title subsequently changed to Equalization Director.  (ECF No. 63-2, PageID.717).  Plaintiff's position was subject to the Oakland County Merit System Rules.  (ECF No. 72-2, PageID.2345-2450).  Pursuant to the Merit System Rules, Plaintiff maintained a "just cause" employment relationship with Oakland County.  (ECF No. 72-2, PageID.2383).  Merit System Rule 8.3 provides, in pertinent part:

> An employee shall receive disciplinary action, whether an oral reprimand, a written reprimand, the withholding of a merit salary increase, a suspension without pay, a demotion, or a dismissal, only for a specific clearly described reason or "cause".

(ECF No. 72-2, PageID.2383).

On October 18, 2021, Plaintiff's subordinate Bryan Paris filed a grievance about Plaintiff, reporting that Plaintiff was heard by multiple employees "openly bashing" a culture survey and saying he would lie about

responding to it if he was asked.  Paris also complained that Plaintiff created a hostile work environment—a complaint that he had also raised in 2020.  (ECF No. 64-6, PageID.1140).  The next day, the County opened an investigation into this grievance.  *Id*.; ECF No. 63-3, at PageID.847, p. 18:25-19:13, PageID.861-862, p. 76:22-77:4.  Paris's report that Plaintiff was discouraging people to take the survey and that he would not be honest about his answers to the survey was substantiated by other employees who were interviewed during the investigation.  (ECF No. 64-7 through 64-9, PageID.1143-1234).  Employees interviewed in connection with this investigation raised additional alarming comments and concerns regarding Plaintiff, including some that were racist, misogynistic, and related to fears of workplace violence by Plaintiff.  (See ECF No. 63, PageID.667-668 at 20, ECF Nos. 64-7 through 64-15, PageID.1143-1350).

On October 21, 2021, Julie Fisher, Human Resources Manager, provided Hieber notice that Oakland County placed him on paid administrative leave effective immediately.  (ECF No. 64-16, PageID.1358).  Plaintiff was provided with written notice of his leave at this time.  (ECF No. 64-16, PageID.1357; ECF No. 63-2, PageID.741, at p. 168:13-19).

On November 12, 2021, Plaintiff and his counsel met with Oakland County's corporate counsel.  (ECF No. 64-18, PageID.1362; ECF No. 63-2, at 6 PageID.757-760 p. 232:22-242:11).  During this interview, Plaintiff was asked about concerns reported during the investigation.  (ECF No. 64-18, PageID.1362; ECF No. 63-2, at PageID.757-760, p. 232:22-242:11, PageID.761, p. 246:20-248:19).  For example, Plaintiff was questioned about creating a hostile work environment, his alleged intimidating and vengeful behavior towards his subordinates, his failure to remediate his behavior after receiving coaching in 2020 following the 2020 investigation into his comment about pronoun use, his comments and behavior vis-à-vis the County's culture survey, his comments regarding union negotiations, and specific comments outlined in the Notice.  (ECF No. 64-18, PageID.1362).  Plaintiff denied making these comments.  *See id*. at PageID.1386-1388.

When the County's corporate counsel Dan Klemptner was done questioning Plaintiff about the investigation findings, he told Plaintiff, "The other thing too, I was just going to leave it open.  If there is anything that you want like, make a statement without my annoying questions and just state your piece, whatever, whatever you want." *Id*. at PageID.1388.  Plaintiff then—at the prompting of his counsel—spoke about his comment that led

Paris to complain about Plaintiff in 2020.  Following that statement, Klemptner acknowledged Plaintiff's clarification and again, stated, "But, yeah, if there is anything else just in general that you wanted to say in you— without me interrupting or asking you questions, I want to just give you an opportunity to do that...[I]f there is something you want to say on your own behalf or your attorney wants to say on your own behalf, I just want to give you a chance to do so." *See id*. at PageID.1389.  Plaintiff then made an additional statement addressing the survey and workflow issues.  Following his statement, his lawyer indicated, "Okay, I think we are done." *See id*. at PageID.1390.  Based on the investigation findings, Jen determined it would be appropriate to proceed with terminating Plaintiff's employment.  (ECF No. 63-3, at PageID.850, p. 30:17-31:10).

On November 22, 2021, Ms. Fisher provided Plaintiff with a Notice of Intent to Dismiss, scheduling a pretermination hearing for the following day, November 23, 2021.  (ECF No. 64-15, PageID.1351-1353).  This Notice was provided after Plaintiff was questioned about the events and behaviors contained therein, and the Sixth Circuit Court of Appeals held that this Notice provided Plaintiff with adequate notice of the charges against him.  (ECF No. 102, PageID.3549).  The Notice also cited to part of Plaintiff's interview and

informed him of the time for the formal *Loudermill* hearing, noting, "The purpose of this hearing is to provide you with an opportunity to hear the reasons for the proposed action and provide you with the opportunity to respond."  *See id*.

On November 23, 2021, Hieber attended the *Loudermill* hearing with his attorney, Nakisha Chaney, Kyle Jen, Director of Management and Budget, who was Plaintiff's immediate supervisor, and Ms. Fisher, the Hearing Officer. (ECF No. 64-20, PageID.1404-1411).  During the hearing, Ms. Fisher described the purpose of the hearing as "to acknowledge that the employee received the intention of the department to terminate employee employment."  (ECF No. 64-20, PageID.1407).  After Plaintiff confirmed he received the notice of intent, Mr. Jen presented Oakland County's reasons for requesting Plaintiff's termination.  (ECF No. 64-20, PageID.1407-1408).  After Mr. Jen's presentation, Ms. Fisher asked Plaintiff if he wished to make a statement on his behalf.  (ECF No. 64-20, PageID.1408).  Plaintiff and his attorney were provided with the opportunity to make a statement and ask questions.  (ECF No. 64-20, PageID.1408, p. 5:16-23, & PageID.1409, p. 6:1-8).  They were also reminded that Plaintiff would have the opportunity to further challenge the

action taken through a Personnel Appeal Board ("PAB") hearing.  *Id*. at

PageID.1409, p.6:13-16.  Plaintiff responded as follows:

> I understand. I deny the charged rule violation. I was informed that the termination was a predetermined outcome of this meeting, and I was notified in writing that this was not the time to plead my case.

(ECF No. 64-20, PageID.1408).  Plaintiff referenced, in part, a November 22,

2021 email from Rosie Wood, Senior Employee & Labor Relations Specialist,

to his attorney, in which Ms. Wood stated:

> The hearing that is taking place is brief, to inform Mr. Hieber of the notice of being terminated and to provide the departments cause.  Also, this is not the time that Mr. Hieber would plead his case, that would be done afterward through the Personnel Appeal Board process.

(ECF No. 72-20, PageID.2723).  Ms. Fisher stated in response to Mr. Hieber:

> That is correct.  So this is an employment hearing. Right.  So if he challenges, wants to challenge the action being taken, he has the right to do that through the Personnel Appeal Board.  Today's meeting is just to make sure he is aware of the action being taken and understands the reason why, not necessarily that he agrees or disagrees with anything.

(ECF No. 64-20, PageID.1409).

Ms. Fisher then closed the meeting at 4:11 p.m., indicating she would

notify Plaintiff in writing the following morning of her decision.  (ECF No. 64-

8

20, PageID.1409).  Seventeen (17) minutes later, at 4:28 p.m., Ms. Fisher

wrote Plaintiff's attorney, indicating that she was rendering a decision at that

time. (ECF No. 72-21,PageID.2724).  Ms. Fisher stated, in part:

> The intent of this hearing was to ensure Mr. Hieber
> knew what action was being proposed. Mr. Hieber
> stated he understood. Therefore, I am upholding the
> proposed action of termination.

(ECF No. 72-21, PageID.2724).  Following the *Loudermill* hearing, the County

issued a Notice of Disciplinary Action, which indicated that Plaintiff had been

terminated.  (ECF No. 64-21, PageID.1412).

## III.   ANALYSIS

### A.   Standard of Review

When a party files a motion for summary judgment, it must be granted

"if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  "A party asserting that a fact cannot be or is genuinely disputed must

support the assertion by: (A) citing to particular parts of materials in the

record . . .; or (B) showing that the materials cited do not establish the

absence or presence of a genuine dispute, or that an adverse party cannot

produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).  Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and to do so must "designate specific facts in affidavits, depositions, or other factual material

10

showing 'evidence on which the jury could reasonably find for the plaintiff.'"

*Brown v. Scott*, 329 F. Supp. 2d 905, 910 (6th Cir. 2004). In order to fulfill this

burden, the non-moving party only needs to demonstrate the minimal

standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at

248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

However, mere allegations or denials in the non-movant's pleadings will not

satisfy this burden, nor will a mere scintilla of evidence supporting the non-

moving party. *Anderson*, 477 U.S. at 248, 251.

B.      Predetermination Claim

Due process requires a pretermination hearing, the formality of which

depends upon the importance of the interest and the nature of the

subsequent proceedings. *Farhat v. Jopke*, 370 F.3d 580, 595 (6th Cir. 2004)

(citing *Duchesne v. Williams*, 849 F.2d 1004, 1006–07 (6th Cir. 1988)). For

public employees who can only be fired for cause, the Supreme Court has

held, specifically, that a pretermination proceeding is required. *Id*.

(discussing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, (1985)).

In *Loudermill*, the Supreme Court held that a full evidentiary hearing is not

required prior to termination. Rather, the pretermination hearing is to provide

an initial check against mistaken conclusions, "essentially, a determination

of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id*. (quoting *Loudermill*, 470 U.S. at 545–46).  The essential elements required for due process are notice and an opportunity to respond, either in writing or in person.  *Id*. (citing *Loudermill*, 470 U.S. at 546).

More specifically, before the termination of a public employee who has a property interest in his employment, the due process clause requires that the employee be given "oral or written notice of the charges against him or her, an explanation of the employer's evidence, and an opportunity to present his or her side of the story to the employer."  *Id*. (quoting *Buckner v. City of Highland Park*, 901 F.2d 491, 494 (6th Cir. 1990)).  "To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee."  *Loudermill*, 470 U.S. at 546.  The Sixth Circuit also held that at the pretermination stage, the employee does not have a right to, and the Constitution does not require, a neutral and impartial decisionmaker.  *Farhat*, 370 F.3d at 595.  The "right of reply" before the official responsible for the discharge is sufficient.  *Id*. (citing *Duchesne*, 849 F.2d at 1006).  Instead, a neutral decisionmaker is needed to adjudicate the evidence at the post-

deprivation stage.  *Id*. at 595-96.  "Where there is a system of post-termination procedures available to the employee that includes a neutral decisionmaker and/or arbitration, coupled with a pretermination 'right of reply' hearing, then the employee has received all the process due under the Constitution."  *Id*. at 596 (citing *Duchesne*, 849 F.2d at 1006; *Buckner*, 901 F.2d at 494; *Loudermill*, 470 U.S. at 545).

"A 'sham' proceeding in which the outcome of the hearing is predetermined does not meet the requirements of a pre-termination hearing and does not afford due process."  *Ross v. City of Memphis*, 394 F. Supp. 2d 1024, 1038-1039 (W.D. Tenn. 2005) (citing *Wagner v. City of Memphis*, 971 F. Supp. 308, 318 (W.D. Tenn. 1997)); *see also Vanderwalker v. King County*, 91 F. App'x 545, 546 (9th Cir. 2004) ("[I]t is true that a *Loudermill* hearing with a predetermined result is constitutionally inadequate.").

Plaintiff argues that the evidence shows that Oakland County never intended the pretermination hearing to fulfill its purpose.  That is, the pretermination hearing's only purpose was to notify Plaintiff of the termination and the reasons for it.  Plaintiff points to three communications to demonstrate this point.  First in the November 22, 2021 email, Ms. Woods explains that the pre-termination hearing was "to inform Mr. Hieber of the

notice of being terminated and to provide the department[']s cause." (ECF

No. 72-20, PageID.2723).  Plaintiff argues that the purpose of the meeting

could not be to inform him he would be terminated if the decision had not

been predetermined.  Second, Plaintiff raised the issue of the outcome being

predetermined in the pretermination hearing.  He said:

> I was informed that the termination was a
> predetermined outcome of this meeting, and I was
> notified in writing that this was not the time to plead
> my case.

(ECF No. 64-20, PageID.1408).  Ms. Fisher stated in response:

> That is correct. So this is an employment hearing.
> Right.  So if he challenges, wants to challenge the
> action being taken, he has the right to do that through
> the Personnel Appeal Board.  Today's meeting is just
> to make sure he is aware of the action being taken
> and understands the reason why, not necessarily that
> he agrees or disagrees with anything.

(ECF No. 64-20, PageID.1409).  Based on the foregoing, Plaintiff argues that

Ms. Fisher was not open to exercising discretion or to correcting a mistaken

decision.  Lastly, in the November 23, 2021 email, Ms. Fisher stated, in part:

> The intent of this hearing was to ensure Mr. Hieber
> knew what action was being proposed. Mr. Hieber
> stated he understood.  Therefore, I am upholding the
> proposed action of termination.

(ECF No. 72-21, PageID.2724).  Plaintiff argues that in this communication,

Ms. Fisher limited the purpose of the pre-termination hearing to only providing

notice that he would be terminated.  Ms. Fisher then concluded she would

uphold the proposed action of termination, because "Mr. Hieber stated he

understood." (ECF No. 72-21, PageID.2724).  Accordingly, Plaintiff argues

that Ms. Fisher indicated that the purpose of the meeting did not include

evaluating whether he should be terminated or not; rather, Plaintiff says it was

just to ensure he understood what Defendants had been previously

determined would happen.

As the Sixth Circuit explained "[t]he critical element" of a

pretermination hearing is whether the employee had an opportunity to

respond to the evidence against him.  (ECF No. 102, p. 9) (citing *Buckner*, 901

F.2d at 495).  Indeed, the court went on, the chance to respond "is a

fundamental requirement of any fair procedural system," and "must be a

meaningful opportunity to prevent the deprivation from occurring." *Id*.

quoting *Buckner*, 901 F.2d at 495) and citing *Loudermill*, 470 U.S. at 546 ("The

opportunity to present reasons, either in person or in writing, why [the]

proposed action should not be taken is a fundamental due process

requirement.").  A hearing is sham that violates procedural due process

15

where its outcome was predetermined regardless of the proof presented. *Wagner*, 971 F. Supp. at 319. Thus, a predetermined outcome interferes with the employee's meaningful opportunity to respond to the evidence against him and any meaningful opportunity to prevent the deprivation from occurring.

Importantly, the Court of Appeals considered the evidence that Plaintiff now points to in support of his predetermination claim. (ECF No. 102, pp. 5-6). Even considering this evidence, the Sixth Circuit found that a jury must determine whether the County, at the formal *Loudermill* hearing, gave Plaintiff a "meaningful chance to respond to the charges and evidence." (ECF No. 102, p. 11). The court also concluded, considering this evidence, that because "County employees told Hieber at every step that the pretermination hearing was not his time to respond, a jury must decide whether Oakland County gave Hieber 'a meaningful opportunity to prevent the deprivation from occurring.'" (ECF No. 102, pp. 11-12) (citation omitted). Like the Court of Appeals, the court here finds, viewing the evidence in the light most favorable to the non-moving party, there is a genuine issue of material fact as to whether the outcome of the *Loudermill* hearing was predetermined.

In so concluding, the court recognizes that Plaintiff's motion focuses solely on the formal *Loudermill* hearing and fails to acknowledge that the investigatory interview was part of this process.  Before this court and the Court of Appeals, Defendants claimed that the investigatory interview of Plaintiff by county counsel satisfied *Loudermill's* pretermination hearing requirements.  The Court of Appeals found genuine issues of material fact as to whether the interview gave Plaintiff sufficient notice of the charges and evidence against him or gave him an opportunity to present his side of the story.  (ECF No. 102, p. 11).  As set forth above, a predetermined outcome interferes with the employee's meaningful opportunity to respond to the evidence against him and any meaningful opportunity to prevent the deprivation from occurring.  Like the Court of Appeals, the court here finds a genuine issue of material fact as to whether Plaintiff had a meaningful opportunity to present his side of the story at the investigative interview and thus a jury must decide if the outcome of the pretermination hearing was predetermined.

C.     Plaintiff's Motion is Not Untimely

Defendants argue that Plaintiff should have filed his motion for summary judgment by the deadline of August 10, 2023.  However, at the June

11, 2025 status conference, there was a specific discussion about Plaintiff filing a motion for summary judgment.  Plaintiff was advised that if he was going to file such a motion to do so by the motion deadline the court was going to impose of July 31, 2025.  On June 23, 2025, the court issued a scheduling order setting a motions deadline of July 31, 2025.  (ECF No. 107). Plaintiff then filed his motion for summary judgment on July 31, 2025.  (ECF No. 108).  The motion was, therefore, not untimely filed.

D.   Waiver

Defendants argue that Plaintiff waived his right to make his predetermination arguments because he did not raise them in his response to Defendants' motion for summary judgment or his brief on appeal.   Plaintiff identified his predetermination claim in the amended complaint.  (ECF No. 4, ¶ 31).  Defendants did not raise the predetermination claim in their motion for summary judgment.  (ECF No. 63).  The issue was not addressed in this court's decision on Defendants' motion for summary judgment or on appeal by either party or the Court of Appeals.  Neither party offers authority that is precisely on point with the circumstances presented here.

Plaintiff comes the closest with *Palma v. Johns*, 27 F.4th 419, 430 (6th Cir. 2022), abrogated on other grounds by *Barnes v. Felix*, 605 U.S. 73, 83

18

(2025), as recognized by *Booth v. Lazzara*, 164 F.4th 581, 593 (6th Cir. 2026). There, the court explained that generally, at the summary judgment stage, the non-moving party can forfeit an argument if they fail to respond to the moving party's arguments. *Id*. at 430 n. 1 (citing *Doughty v. Dep't of Developmental Servs. STS*, 607 F. App'x 97, 98 (2d Cir. 2015) (citing *United States v. Litwok*, 678 F.3d 208, 216 (2d Cir. 2012)). "But the non-moving party cannot be faulted for limiting their response to focus on those claims that the moving party raised and argued." *Id*. The court emphasized that "response and reply briefs are meant to do just that: respond and reply." *Id*. (citation omitted). Thus, the court held that the plaintiffs were not obligated to support their claim that use of the taser was excessive force when the defendants did not identify this claim or raise any arguments against this claim in their motion for summary judgment. *Id*. Accordingly, while Defendants failed to raise the issue in their summary judgment motion, the court of appeals would consider whether defendant used excessive force when he tased the plaintiff because it was pleaded in the complaint, the district court decided the issue, and both parties briefed it on appeal. *Id*.

Here, the predetermination claim was raised in the complaint, but not raised in either party's brief relating to Defendants' motion for summary

judgment and the court did not decide the predetermination claim.  Nor was it raised on appeal by either party or decided by the Court of Appeals.  The court questions whether Plaintiff could have raised this claim on appeal before the Sixth Circuit given that it was neither raised below nor decided by this court. *Johnson v. Ford Motor Co.*, 13 F.4th 493, 503 (6th Cir. 2021) ("an argument not raised before the district court is waived on appeal."); (citation omitted); *Frazier v. Jenkins*, 770 F.3d 485, 497 (6th Cir. 2014) ("Generally, we will not address arguments raised for the first time on appeal.").  These cases do not suggest, however, that the district court is, therefore, also precluded from addressing a claim not decided on appeal in a subsequent motion for summary judgment permitted by the court.  Under such circumstances, the court finds that the predetermination claim was not waived by Plaintiffs and may be raised here.

## IV.    CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiff's motion for summary judgment.

**SO ORDERED**.

Date: March 11, 2026                   s/F. Kay Behm
                                       F. Kay Behm
                                       United States District Judge

20