UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HIEBER,                                           Case No. 22-11417

      Plaintiff,                                       F. Kay Behm
v.                                                      United States District Judge

OAKLAND COUNTY, *et al.,*

      Defendants.
_____ /

## OPINION AND ORDER ON DEFENDANTS' MOTIONS IN LIMINE (ECF Nos 109, 110)

### I.      PROCEDURAL HISTORY

Defendants, Oakland County and Kyle Jen,[1] filed two motions in limine

seeking to limit the introduction of certain evidence at trial.  (ECF Nos. 109,

110).  These motions are fully briefed.  (ECF Nos. 112, 113, 115, 116).  Having

considered the parties' submissions, the court finds the oral argument is not

necessary to decide the motions.  E.D. Mich. LR 7.1(f)(2).

### II.     STANDARD

"Motions in limine are 'designed to narrow the evidentiary issues for

trial and to eliminate unnecessary trial interruptions.'" *Joseph v. Joseph*,

2022 WL 3536273, at *19 (6th Cir. Aug. 18, 2022) (quoting *Louzon v. Ford*

---

[1] Mr. Jen is sued only in his official capacity.

1

*Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)).  The resolution of a motion in limine lies "entirely within the discretion of the district court."  *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), aff'd 469 U.S. 38 (1984)); *see also Branham v. Thomas M. Cooley L. Sch.*, 689 F.3d 558, 562 (6th Cir. 2012) (a district court's ruling on a motion in limine is reviewed for an abuse of discretion).

Given the nature and timing of motions in limine, a trial court's ruling on a motion in limine is "no more than a preliminary, or advisory, opinion" that the parties may consider when formulating their trial strategies.  *Yannott*, 42 F.3d at 1007.  A trial court's ruling is "subject to change when the case unfolds." *Luce*, 469 U.S. at 41; *see also Taglieri v. Monasky*, 767 F. App'x 597, 601–02 (6th Cir. 2019) ("[T]rial courts frequently change their evidentiary rulings when they learn of new facts or law.").  "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce*, 469 U.S. at 41–42.

Under Federal Rule of Evidence 104(a), the court must "decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible."  Fed. R. Evid. 104(a).  Evidence must be relevant to

be admissible.  Fed. R. Evid. 402; *Old Chief v. United States*, 519 U.S. 172, 178 (1997).  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  But the court may still "exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "'Unfair prejudice' … means an undue tendency to suggest decision on an improper basis."  *Old Chief*, 519 U.S. at 180 (citation omitted).

## III.    DEFENDANTS' MOTION IN LIMINE ON DAMAGES (ECF No. 110)

### A.    Is Plaintiff Limited to the Recovery of Nominal Damages?

Defendants maintain that even if Plaintiff proves that his pretermination due process rights were violated, he is limited to nominal damages.  In *Carey v. Piphus*, 435 U.S. 247, 264 (1978), the Supreme Court held that compensatory damages for a procedural due process violation may not be awarded absent proof of actual injury.  *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).  The Court further held, however, that even in the absence of such proof, "the denial of procedural due process should be

3

actionable for nominal damages...." *Id*. (quoting *Carey*, 435 U.S. at 266).  The

*Franklin* court explained that the issue of whether compensatory damages

should be awarded can be separated into two inquiries.  *Id*.  "The first inquiry

concerns causation; whether the action taken without due process is justified

or, in other words, whether the same action would have been taken even if

due process had been afforded." *Id*. (citing *Carey*, 435 U.S. at 260).  "The

second inquiry is whether there is proof of actual injury, such as emotional or

mental distress caused by the denial of due process, to support an award of

compensatory damages." *Id*. (citing *Carey*, 435 U.S. at 263–64).  Once it is

determined that a plaintiff's due process rights were violated, "the burden of

proof shift[s] to the [defendants] to demonstrate that the procedural violation

did not cause [the plaintiff's] injury." *Id*. (quoting *King v. Wells*, 760 F.2d 89, 94

n. 4 (6th Cir.1985)).

 In the employment context, the Sixth Circuit applied *Carey* in *Kendall v.*

*Board of Education*, 627 F.2d 1 (6th Cir. 1980).[2]  The court held that the

---

[2] Plaintiff asks this court to apply *Duchesne v. Williams*, No. 86-1017 (6th Cir. June 16, 1987), a decision which was vacated by the *en banc* decision of the Court of Appeals, *see Duchesne v. Williams*, 849 F.2d 1004 (6th Cir. 1988).  As described by Plaintiff, the vacated decision held that the plaintiff, who alleged a *Loudermill* pretermination violation, was entitled to a new hearing, reinstatement pending the hearing, and back pay.  (ECF No. 112, PageID.3682-83).  However, "a decision that has been vacated has no precedential authority whatsoever." *Kosinski v. Commissioner of Internal Revenue*, 541 F.3d 671, 677

plaintiff was entitled to an award representing any actual injury directly caused by the denial of procedural due process. *Id*. at 6.  However, the court further held that "Kendall is not entitled to relief for the deprivation of her contract right if the Board established that she would have been discharged even if a proper hearing had been held." *Id*. The court clarified that "to meet its burden, the Board must show that it had just cause for the dismissal, that is, that its charges against Kendall are true." *Id*. at n. 6.  Where the defendant has presented sufficient evidence to prove the plaintiff would have been terminated even if proper due process procedures had been employed, and the plaintiff presented no proof of particularized injury arising only from the denial of due process, damages must be limited to those caused by the due process violation, not the plaintiff's discharge from public employment. *Clark v. St. Joseph Public School Dist*., 130 F.Supp.2d 899, 905 (W.D. Mich. 2000). In other words, if Defendants prove that Plaintiff would have been discharged regardless of the due process violation, and Plaintiff presents no proof of particularized injury arising only from the denial of due process, Plaintiff is limited to nominal damages for any procedural due process violation.

---

(6th Cir. 2008).  The court is not inclined to rely on a vacated decision of the Court of Appeals, particularly in light of the published contrary authority found in *Kendall*.

Here, Defendants claim that whether Plaintiff would have been discharged anyway has already been decided by the Sixth Circuit.  That is, Defendants seek to limit Plaintiff to nominal damages based on the Sixth Circuit's statement in its decision in this matter that "All in all, Hieber cannot show that his conduct did not warrant termination."  (ECF No. 102, p. 20).  Defendants' apparently take the position that this statement means that they need not prove, and it is already established, that Plaintiff would have been terminated even if proper due process procedures had been employed; and thus, Plaintiff can only seek nominal damages.  The court does not read the Court of Appeals decision so expansively.  The court's comment, read in context, does not suggest the court intended it to apply to Plaintiff's *Loudermill* claim.  The statement was made in the context of Plaintiff's age discrimination claim and whether the County treated Plaintiff differently than a similarly situated nonprotected employee.  Had the Court of Appeals intended its statement to apply to the *Loudermill* claim, it would have expressly said so instead of burying such a statement in the middle of its age discrimination analysis.  Thus, in the court's view, if the jury finds that Defendants violated Plaintiff's pretermination due process rights, the parties may still offer evidence on the issue of whether Plaintiff would have been

6

discharged anyway, regardless of any pretermination hearing due process violation.

    B.    <u>Can Plaintiff Recover Non-Economic Damages</u>?

Defendants next argue that Plaintiff cannot recover any non-economic damages because he has not treated with any mental health professional or experienced any mental health issues and never testified to experiencing any emotional distress related to the investigative interview or the *Loudermill* hearing.  Plaintiff did not produce any therapy records or other evidence to substantiate his claim for noneconomic damages in response to discovery requests on damages.  And Plaintiff has not identified any mental health expert to testify on his behalf.  Plaintiff points out that Defendants have pointed to no requirements to seek mental health treatment or offer an expert in order to claim garden variety emotional distress damages.  A garden variety emotional distress claim is one that does not allege "psychic injury or psychiatric disorder[.]" *E.E.O.C. v. New Breed Logistics*, 2013 WL 1729716, at *1 (W.D. Tenn. Apr. 22, 2013) (quoting *Sabree v. United Bh'd Carpenters & Joiners of Am., Local No. 33*, 126 F.R.D. 422, 425 (D. Mass 1989)).  It is true that in order to support an award of damages for emotional distress, a plaintiff must introduce competent evidence concerning his injuries.  *Id*.

(citing *Betts v. Costco Wholesale Corp*., 558 F.3d 461, 472 (6th Cir. 2009)). However, the plaintiff's "own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard." *Id*. (quoting *Turic v. Holland Hospitality, Inc*., 85 F.3d 1211, 1215 (6th Cir.1996)). If a plaintiff can show that he suffered mental and emotional distress caused by the denial of procedural due process itself (as opposed to the mental and emotional distress caused by, for instance, his termination), he is entitled to recover actual damages only to that extent. *Warren v. Pataki*, 823 F.3d 125, 143 (2d Cir. 2016) (citing *Carey*, 435 U.S. at 263 (distinguishing between distress attributable to "the justified deprivation" and that caused by "deficiencies in procedure")). Accordingly, in the court's view, assuming the Plaintiff can convince the jury he was denied pretermination procedural due process, Plaintiff can offer his own testimony in an attempt to convince the jury that he suffered emotional distress damages caused by any such denial.

The court is not convinced that Plaintiff's deposition testimony dictates a different result. Defendants argue that Plaintiff has conceded that he cannot establish to what extent the County's supposed violation of his pre-termination due process rights caused him any mental pain and suffering, embarrassment, or emotional distress. Defendants point to Plaintiff's

testimony regarding his economic damages as it relates to his defamation claim, which the court finds unrelated to the question of any non-economic damages relating to his procedural due process claim.  Additionally, Defendants point to testimony that Plaintiff was "embarrassed" and "humiliated" when he was walked out of his office as only being related to his defamation claim.  However, Plaintiff was not asked at his deposition about any emotional distress he claims arose from his pretermination procedural due process claim.  Plaintiff has not had the opportunity to offer his testimony on this subject and accordingly, it is for the jury to decide whether Plaintiff's pretermination due process rights were violated and whether he suffered any noneconomic damages as a result.

> C.      <u>Should the Testimony and Evidence Introduced at Trial be Limited to Nominal Damages</u>?

As set forth above, the jury must determine whether a pretermination procedural due process violation occurred.  If it answers that question in the affirmative, it will then have to consider damages.  If the jury determines that Defendants met their burden of proving that Plaintiff would have been discharged anyway, then Plaintiff is only entitled to nominal damages. Plaintiff may also attempt to show that he is entitled to noneconomic

damages if the jury finds that a pretermination procedural due process violation occurred.

Defendants argue, however, that Plaintiff is not entitled to introduce any evidence on the question of whether Defendants met their burden of showing that the same action would have been taken anyway, regardless of any pretermination procedural due process violation.  Defendants say only Jen can offer testimony on this causation issue.  However, as discussed in more detail below, this would leave Plaintiff in the position of being unable to contest the issue of causation.  Without knowing more about what specific evidence Plaintiff would seek to introduce on the causation issue, the court is unwilling to broadly conclude that Plaintiff is entitled to offer no evidence on the issue of whether the same action would have been taken anyway.

III. **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY AT TRIAL (ECF No. 109)**

Defendant's argue that Plaintiff's termination is a settled matter, and he should not be permitted to introduce testimony or other evidence that could be perceived as relitigating these issues or otherwise use this trial as an opportunity to air his grievances against Defendants, as it would be both irrelevant under Fed. R. Evid. 401 and prejudicial under Fed. R. Evid. 403.  The

court concludes that the general type of evidence described by Defendants (evidence relating to Plaintiff's claims that were dismissed by the Court of Appeals) is not relevant to the jury questions identified by the Court of Appeals.  The Sixth Circuit's decision in this matter found several questions for the jury as it relates to Plaintiff's pretermination *Loudermill* claim.  First, as to the interview, the court held that a jury could find that the County failed to provide Plaintiff with the evidence against him.  (ECF No. 102, p. 10).  The interview also created a jury question about whether the County's counsel questions gave Plaintiff the "gist" of the charges against him or whether a reasonable person would have recognized that his employment future was at risk.  *Id*.  In sum, the court concluded, there is a material factual dispute about whether the interview gave Plaintiff sufficient notice of the charges and evidence against him or gave him the opportunity to present his side of the story.  *Id*. at p. 11.  As to the formal *Loudermill* hearing, the Court of Appeals specifically concluded that his termination notice, which was given to him before the hearing, provided adequate notice of the charges and evidence against him.  *Id*.  Accordingly, this is no longer a question for the jury.  But the court found a jury question on whether the County gave Plaintiff a meaningful chance to respond to the charges and evidence.  *Id*.  Thus, the Court of

11

Appeals held, a jury must decide whether the County gave Plaintiff a meaningful opportunity to prevent the deprivation from occurring.  *Id*. at pp. 11-12.

As to liability, the court agrees with Defendants that the only relevant testimony and evidence on the jury questions before the court relate to the interview and the formal pretermination hearing.  Evidence or testimony from individuals or about these issues who were not present at the meetings or did not have any meaningful involvement is not relevant as to liability.  Additional evidence and testimony relating to why Plaintiff was terminated are not relevant to the liability questions identified by the Court of Appeals.  That is, to determine the liability questions identified by the Court of Appeals, the jury does not need to know what would have been said and how Plaintiff would have presented his arguments against termination.  Indeed, such evidence is not relevant to the *liability* issues being decided by the jury:  whether the interview or the pretermination hearing gave Plaintiff a meaningful opportunity to respond and to prevent the deprivation from occurring.  Should a jury find that Plaintiff was not afforded a meaningful opportunity to present his side of the story and to prevent the deprivation from occurring, the question then becomes, for purposes of damages only, whether the County can then prove

it would have made the same decision.  This is where Plaintiff is able to offer evidence as it relates to the causation issue identified in the discussion regarding damages above.

Contrary to Defendants' arguments, the evidence on the question of whether Defendants would have reached the same decision is not limited to the testimony of Jen.  Defendants argue that neither Plaintiff nor anyone else can testify about this issue because only Jen could answer the yes or no question about whether he would have moved forward with the termination.  According to Defendants, Jen is the only witness with personal knowledge about whether the termination decision would be different and therefore, he should be the only witness permitted to testify whether there would have been a different result if Plaintiff had been provided additional pretermination due process.  However, the actual issue the jury would have decided in Plaintiff's favor is whether he was given the meaningful opportunity to present his side of the story and to prevent the deprivation from occurring.  If the jury finds that he was not afforded those opportunities, in order to establish damages, Plaintiff must be allowed to dispute Defendants' evidence that the County would have reached the same decision to terminate regardless of whether Plaintiff had the opportunity to present his side of the story.  That

13

necessarily involves Plaintiff being given the opportunity at trial to tell the jury his side of the story.  Because it is ultimately for the jury to decide, in evaluating damages, whether Defendants have met their burden of proving that they would have reached the same decision.  In telling his side of the story, as Plaintiff acknowledges, he is not permitted to relitigate his dismissed claims, but without knowing the precise evidence that Plaintiff intends to offer on this subject, the court cannot further circumscribe the evidence Plaintiff may seek to offer on this question.

**SO ORDERED**.

Date: March 11, 2026                              s/F. Kay Behm
                                                  F. Kay Behm
                                                  United States District Judge